IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| LOUIS ROBLES M.,[1] § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> KILOLO KIJAKAZI § <br> Acting Commissioner of Social Security[2] § <br> Defendant. § | Civil Action No. 1:20-CV-00131-BU |

# MEMORANDUM OPINION AND ORDER

Plaintiff LOUIS ROBLES M. seeks judicial review of a final adverse decision of the Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. § 405(g). Dkt. No. 1. United States District Judge Sam R. Cummings transferred this case to the undersigned with a designation to exercise the district court's full jurisdiction and conduct all proceedings in this case upon the consent of the parties. *See* Dkt. No. 7. The parties have consented to proceed before a magistrate judge. Dkt. No. 15.

For the reasons explained below, the Court affirms the Commissioner's decision.

## I.   BACKGROUND

Plaintiff alleges that his disability began July 16, 2017. *See* Administrative Record, Dkt. No. 20-1 ("Tr.") 35. Plaintiff initially filed applications for both Title II for a period

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.
[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

of disability and Title XVI Supplemental Security Income on September 25, 2017. Tr. 175-78. Those applications were denied on January 18, 2018, and again upon reconsideration on May 17, 2018. Tr. 60, 69, 115. After both denials, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 122. That hearing was held on March 6, 2019, in Midland, Texas, with the ALJ sitting remotely in Fort Worth, Texas. Tr. 33-52. Plaintiff and a vocational expert ("VE") offered testimony at the hearing.

At the time of the hearing, Plaintiff was 53 years old. Tr. 36. He obtained his GED and received some training from trade schools in welding and electrical work. Tr. 37. He had past work experience in the oil fields as an equipment mechanic. Tr. 22, 35.

The ALJ found that Plaintiff was not disabled and was not entitled to disability benefits. *See* Tr. 15-24 ("ALJ Decision"). At step one of the analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 16, 2017, the alleged disability onset date.[3] Tr. 17. At step two, the ALJ found the Plaintiff had several severe impairments including coronary artery disease, chronic heart failure, hypertension, and restrictive airway disease. *Id*.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met the severity required in the Social Security Regulations. Tr. 18. The ALJ also determined the Plaintiff had the residual functional capacity ("RFC") to perform a light work "except he is limited to occasionally climbing of ramps or stairs, occasional

---

[3] As discussed further below, the Commissioner employs a five-step analysis in determining whether claimants are disabled under the Social Security Act.

exposure to dust, fumes, and similar pulmonary irritants, and is precluded from climbing ropes, or scaffolding, working at unprotected heights, or driving as part of a job." Tr. 19.

The ALJ based his opinion on medical records, the Social Security Administration's ("SSA") non-examining consultants, and the Plaintiff's testimony. Tr. 19-22. At step four, the ALJ found the Plaintiff could not return to his past relevant work as an oil field mechanic, defined as medium and skilled work with a Specific Vocational Preparation of six. Tr. 22. The ALJ then considered the Plaintiff's age, education, his RFC, and the testimony of a vocational expert to determine that there were jobs in the national economy that exist in significant numbers that the Plaintiff can perform. Tr. 23. Accordingly, the ALJ determined that Plaintiff had not been under disability, as defined by the Social Security Act, for the period in question. Tr. 24.

Plaintiff appealed the ALJ's decision to the Appeals Council, the Council affirmed, and Plaintiff timely filed this action in federal district court.

## II. LEGAL STANDARDS

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209

F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S. § 405(g)). A reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

To be entitled to Social Security benefits, a claimant must show that he is disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520; *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies his or her initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that claimant is capable of performing. *Greenspan*, 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); see also 20 C.F.R. § 404.1520(a)(4).

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557 (citing *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989) (per curiam); *see also Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984)). If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id*. However, the Court does not hold the ALJ to procedural perfection. *See Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012). Instead, a court will only reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record and only if that failure prejudiced plaintiff. *Id*. That is, only if plaintiff's substantial rights have been affected by the unsubstantiated decision. *See Audler*, 501 F.3d at 448.

### III. ANALYSIS

Plaintiff challenges the ALJ's decision on the basis that the ALJ failed to develop the record regarding Plaintiff's pulmonary impairments and thus did not have substantial

evidence on which to base the RFC. Dkt. No. 24 at 10-11. Plaintiff asserts that the only two medical opinions in the record—two non-examining State agency consultants—did not address his pulmonary limitations or how those limitations affect his ability to work.[4] *Id*. at 13. In the absence of those opinions, Plaintiff argues, the ALJ was not free to "play doctor" by interpreting the medical evidence unassisted by someone with medical expertise in arriving at Plaintiff's RFC. Rather, the ALJ had an obligation to develop the record on this point through whatever method the ALJ deemed appropriate. *Id*. at 17. Plaintiff argues that the complete failure to develop the record here is error. *Id.* at 12, 16-17.

In response, the Commissioner argues the ALJ properly determined the Plaintiff's RFC, including his pulmonary impairments, by considering the record as a whole. Dkt. No. 25 at 1-2. The Commissioner claims the ALJ considered both relevant medical evidence and Plaintiff's own subjective evidence of pain or disability. *Id.* at 5-6. The ALJ referenced Plaintiff's diagnosed breathing problems and the specific medical evidence showing those problems as "generally mild to moderate in nature," and then arrived at an RFC that accommodated for additional respiratory restrictions. *Id.* at 7-8. The Commissioner points out that where there is no medical opinion available, the ALJ may rely on substantial evidence in the existing record as a whole. *Id.* at 6 (citing *Ripley*, 67 F.3d at 557).

In his reply, Plaintiff reasserts that medical opinions regarding the specific pulmonary limitations are not present in the record and therefore any pulmonary limitations in the RFC were created by the ALJ "out of whole cloth." Dkt. No. 26 at 3. Plaintiff also

---

[4] At the time of both consultants' review, Plaintiff had not yet been diagnosed with restrictive airway disease. Dkt. No. 24 at 13-14.

points out that the medical records show Plaintiff's breathing issues are "fairly severe," not mild or moderate as the Commissioner states. *Id.* at 4. Plaintiff asserts that such inconsistent medical records fail to provide the substantial evidence required to support the ALJ's limitations. *Id.*

The purpose of an RFC is to determine the most an individual can do despite their limitations. SSR 96-8P, 1996 WL 374184, at *1 (1996). To determine an individual's RFC, an ALJ will consider all evidence, and then determine what evidence is consistent and if that evidence is sufficient to determine disability. 20 C.F.R. § 404.1520b(a). The ALJ will also determine what evidence is incomplete or inconsistent and how to best evaluate and manage that evidence or whether to use that evidence at all. *Id.* at (b)-(c). An RFC must be based on all relevant evidence and consistent with both objective medical evidence and other evidence. 20 C.F.R. § 404.1529. The ALJ also can draw reasonable inferences from the evidence, but must also remember "presumptions, speculation, and supposition do not constitute evidence." *Ceman v. Colvin,* 4:15-CV-543-A, 2016 WL 1567489, *3 (N.D. Tex. Apr. 1, 2016).

While *Ripley* requires that an ALJ "develop the facts fully and fairly relating to an applicant's claim for disability benefits," it is impermissible for an ALJ to rely on their own medical opinions to develop factual findings. *Williams v. Astrue*, 355 F. App'x 828, 832 (5th Cir. 2009). To develop a sufficient record, the ALJ must probe into, inquire of, and explore all relevant facts. *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). When a plaintiff is unrepresented by counsel, that duty to develop a full record is heightened. *Sun v. Colvin*, 793 F.3d 509, 509 (5th Cir. 2012). An ALJ satisfies even the heightened duty by

7

questioning the plaintiff about their condition and limitations, considering relevant medical reports, and offering the plaintiff an opportunity to add other relevant evidence to the record. *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). Importantly, a Plaintiff must show that they were prejudiced by the ALJ's independent determination. *Keel v. Saul*, 986 F.3d 551, 555 n.3 (5th Cir. 2021). Put another way, plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock*, 84 F.3d at 728–29.

Here, Plaintiff argues that the ALJ failed to fully develop a substantial medical record of Plaintiff's pulmonary impairments, and then improperly created RFC limitations based on his own lay opinion, not substantial medical evidence as required. This argument fails, however, because the ALJ satisfied his record-development duty—a lower duty because Plaintiff was represented by counsel—with new medical records and Plaintiff's own testimony, and then properly relied upon that evidence in the limitations. Before the hearing, Plaintiff offered new medical records showing Plaintiff's pulmonary diagnosis and treatment. Tr. 33. In the hearing, Plaintiff's counsel confirmed the records before the ALJ were complete as is. Tr. 33. Informed by these new medical records, both the ALJ and Plaintiff's counsel inquired into Plaintiff's activities, abilities to complete daily tasks, and abilities to perform work-related activities. Tr. 41, 45-48.

The ALJ then relied upon those records as a whole— including the new medical records, the opinions of the two agency consultants, and Plaintiff's own hearing testimony—to make Plaintiff's disability determination The ALJ cited to 20 CFR 404.1529 and 416.929, and SSR 16-3p (S.S.A.), 2017 WL 5180304, when considering the evidence.

In the opinion, the ALJ noted that the administrative medical consultant findings did not include Plaintiff's pulmonary diagnosis, and the ALJ instead relied on the updated medical records and hearing testimony. Tr. 22. Such inquiry, particularly when Plaintiff had legal representation, is sufficient to create a "full and fair record" on which to base a disability determination. *See Roberts v. Colvin*, 946 F.2d 646, 660 (S.D. Tex. 2013) (finding that, in the absence of an updated consultant examination, the ALJ satisfied their record-development duty by relying on ample consistent medical records, plaintiff's hearing testimony, and the absence of a request for an updated consultive examination).

Disability determinations require a two-step process to: (1) find whether there is an underlying medical impairment that can be reasonably expected to produce the plaintiff's symptoms; and (2) evaluate the intensity, consistency, and limiting effects of the symptoms on plaintiff's ability to perform work-related activities to determine functional limitations. 20 CFR § 416.929(a); SSR 16-3p (S.S.A.), 2017 WL 5180304.

At the first step, the ALJ considered Plaintiff's stated impairments of breathing difficulties from restrictive airway disease and his heart condition, which Plaintiff testified causes him to experience fatigue, shortness of breath, and impaired ability to walk, kneel, climb stairs, and complete tasks. Tr. 19. The ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to produce Plaintiff's symptoms. *Id.*

At the second step, however, the ALJ found that Plaintiff's subjective complaints were "not fully consistent" with the medical record which showed that his breathing complaints were inconsistent with medical evaluations. Tr. 20. Medical records show

9

Plaintiff had clear lungs with no issues noted on Oct. 29, 2018, but "fairly severe restrictive defect" in late 2018. Tr. 886. His symptoms began to improve in early 2019 showing "lung sounds clear," "a little diminished," and no other noted lung problems, even while Plaintiff continued to complain of shortness of breath. Tr. 953, 949, 890. In his most recent medical record, Plaintiff stated having difficulty breathing after walking but objective testing showed oxygen saturation at 97% on room air. Tr. 953.

Plaintiff's hearing testimony mirrors that disconnect. In the evidentiary hearing, Plaintiff testified to his ability to complete tasks such as exercise, shopping, household chores, and other activities, all while complaining of severe shortness of breath. Tr. 41, 45-48. Plaintiff testified that he completes 30 to 45 minutes of his cardiac rehabilitation exercises before his breathing problems begin. Tr. 45. Further, Plaintiff testified that he believes he can work for eight hours a day, five days a week, at a job that would allow him to sit and stand as needed. Tr. 46. Plaintiff testified that due to dizziness, he does not drive since his bypass surgery. Tr. 37.

The ALJ found that Plaintiff's testified ability to complete daily tasks and activities was more consistent with his purported ability to work and objective medical evidence than his subjective complaints of shortness of breath. Tr. 21. Plaintiff's abilities also aligned with relevant medical records which showed that Plaintiff's pulmonary condition made significant improvement and objective medical evidence described his symptoms as generally mild to moderate. Tr. 21.The ALJ's decision to limit Plaintiff to light work "except he is limited to occasionally climbing of ramps or stairs, occasional exposure to dust, fumes, and similar pulmonary irritants, and is precluded from climbing ropes, or

scaffolding, working at unprotected heights, or driving as part of a job" is consistent with other evidence in the record. The ALJ assigned great weight to Dr. Roach's most recent medical records showing that Plaintiff's pulmonary impairments were improved and, and his subjective complaints of severe limitations were not substantiated by objective medical evidence. Further, and as discussed by the ALJ, Plaintiff's own statements of his inability to drive and ability to work support the RFC limitations. Viewing the record as a whole, the ALJ's decision meets the standard of substantial evidence. The ALJ is the final opinion on the interpretation of the evidence and this court cannot reweigh the evidence. *See Greenspan*, 38 F.3d at 236.

## IV.   CONCLUSION

For the reasons above, the Court AFFIRMS the Commissioner's decision in all respects.

ORDERED this 23rd day of November, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE